UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELMER ALEXANDER MARTINEZ
ALVARADO,

                              Petitioner,

              -against-

JUDITH ALMODOVAR, in her official capacity as
Acting Field Office Director, New York Field
Office, U.S. Immigration & Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity
as Secretary, U.S. Department of Homeland
Security; TODD BLANCHE, in his official
capacity as Acting Attorney General, U.S.
Department of Justice; PAUL ARTETA, in his
official capacity as Sheriff and Warden of ICE
facility at Orange County Correctional Facility,

                              Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/16/2026_____

26 Civ. 2990 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Petitioner, Elmer Alexander Martinez Alvarado, who was detained by immigration authorities on January 7, 2026, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Pet. ¶¶ 1, 5–6, ECF No. 1. By order dated April 13, 2026, the Court directed the government to file a letter addressing, among other things, whether there is any basis to distinguish this case from *Gonzalez v. Joyce*, No. 25 Civ. 8250, 2025 WL 2961626 (AT) (S.D.N.Y. Oct. 19, 2025), *Cuy Comes v. DeLeon*, No. 25 Civ. 9283 (AT), 2025 WL 3206491 (S.D.N.Y. Nov. 14, 2025), *Lantiguez Alvarado v. Bondi*, No. 26 Civ. 768 (AT), 2026 WL 381810 (S.D.N.Y. Feb. 11, 2026), and several other cases decided by this Court, and, if not, whether the government would consent to issuance of the writ or waive the right to answer, subject to preservation of the government's arguments for appeal. *See* Order to Show Cause, ECF No. 4.

By letter dated April 15, 2026, *see* Gov. Ltr., ECF No. 7, the government states that it "is content to rely upon, and incorporate by reference, the legal arguments it presented in the [previously-decided] cases," and contends that "the Court can decide this matter without further briefing" from the government. *Id.* at 3. The government concedes that, "on the primary legal issue presented in this case—whether the statutory authority for Martinez's detention is 8 U.S.C. § 1226 or 8 U.S.C. § 1225(b)(2)(A)—this case is not materially distinguishable from this Court's prior decisions." *Id.* at 2. Likewise, the letter does not identify any distinction between the facts of the Court's prior decisions and the facts of this case that may be relevant to Martinez's due process argument. *See id.* at 2–4; *see also* Pet. ¶¶ 23–42 (concerning circumstances of Martinez's detention), ¶¶ 69–84 (arguing that Martinez's detention violated his due process rights).

The Court adheres to its decisions in *Gonzalez*, *Cuy Comes*, and *Lantiguez Alvarado*. Accordingly, and in light of the government's position that the case can be "decide[d] . . . without further briefing" or submission from the government, *see* Govt. Ltr. at 2, the Petition is GRANTED.[1] The government is ORDERED to immediately release Martinez from custody.

Additionally, the government must brief its authority, if any consistent with this Order, to (1) re-detain Martinez without a valid exercise of discretion; (2) deny bond to Martinez in any subsequent proceeding on the ground that he must be detained pursuant to 8 U.S.C. § 1225(b)(2)(A) absent a change in relevant circumstances; (3) invoke the automatic stay provision at 8 C.F.R. § 1003.19(i)(2) in the event that Martinez is granted bond; or (4) impose any conditions or burdens on Martinez's liberty. If, instead, the government confirms that it will take none of those steps with respect to Martinez without prior notice of at least one week provided to him and the Court, it need not file such briefing. *See Quispe-Sulcaray v. Noem*, No. 25 Civ. 9908, 2025 WL 3501207, at *2 (S.D.N.Y. Dec. 7, 2025); *Perez Agustin v. Joyce*, No. 25 Civ. 10122 (AT), 2025 WL 3564494, at *4 (S.D.N.Y. Dec. 12, 2025).

By **April 17, 2026,** at **10:00 a.m.**, the government shall file a letter certifying compliance with this order.

SO ORDERED.

Dated: April 16, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Having reviewed the Petition, the materials filed in support thereof, and the government's letter, the Court finds that the Petition "present[s] only issues of law," and it may, therefore, be adjudicated without a hearing. 28 U.S.C. § 2243 (commanding courts to dispose of habeas petitions expeditiously "as law and justice require").

2